UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA            :
                                    :   20cr608 (DLC)
            -v-                     :
                                    :   ORDER
AQUILINO TORRES,                    :
                                    :
            Defendant.              :
                                    :
------------------------------------X

DENISE COTE, District Judge:

A charging conference was held on July 12. It is hereby

ORDERED that the attached page 12 of the jury charge will be used to instruct the jury.

IT IS FURTHER ORDERED that the defendant's request to charge the jury on the purported lesser included offense of stalking resulting in bodily injury is denied. There is no statutory enhancement for such a crime. The penalty provision of the stalking statute provides for a sentencing enhancement only when stalking results in serious bodily injury, or in other circumstances not charged here. 18 U.S.C. § 2261(b).

IT IS FURTHER ORDERED that the defendant's request to add additional language to capture the defense of consent is denied.

Dated:   New York, New York
         July 12, 2021

                                      _____
                                              DENISE COTE
                                      United States District Judge

## Count One -- Kidnapping
## Second Element: Held Against Her Will

To find that the defendant knowingly held Ashley Net against her will, the Government must prove that the defendant held Ashley Net for an appreciable period of time, against her will, and that the defendant knew he was doing so. The Government need not show that the defendant used physical force or violence to restrain Ashley Net. It is sufficient to prove that the defendant used psychological force, such as by instilling fear, so as to cause Ashley Net to remain under the defendant's control.

The Government need not prove that the defendant knowingly held Ashley Net against her will for the full period between October 5 and October 10, 2020, but must prove that the defendant knowingly held Ashley Net for an appreciable period of time within that timeframe. In deciding whether a period of time constituted an appreciable period of time, you should consider the totality of the circumstances.

Involuntariness is the very essence of kidnapping. Ashley Net's lack of consent is a fundamental element of this crime that the Government must prove beyond a reasonable doubt. Even if you find, however, that Ashley Net initially consented to accompany or remain with the defendant, you may find the defendant guilty of kidnapping if you find that at some point

12

during the period between October 5 and 10, 2020, the defendant knowingly held her against her will for an appreciable period of time.

The Government need not prove that the reason the defendant took Ashley Net was for reward or pecuniary gain. It is sufficient to satisfy this element if the defendant knowingly held Ashley Net against her will for any reason.